UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST.,** *et al.*, | CASE NO. 3:18-CV-129 |
| Plaintiffs, | JUDGE WALTER H. RICE |
| v. | |
| **HUBER INC, LLC,** *et al.*, | <u>ORDER</u> |
| Defendants. | |

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust"), and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust) (collectively the "Trusts" or "Plaintiffs"), Motion for Default Judgment against Defendants Huber Inc, LLC, ("Huber"), Clinton M. Huber ("Clinton"), Stephanie A. Huber ("Stephanie"), and Robert J. Huber ("Robert") (collectively the "Defendants"). This Court now grants the Plaintiffs' Motion for Default Judgment against Defendants in its entirety.

On April 19, 2018, Plaintiffs filed the instant action against Defendants. ECF #1, Complaint. The summonses to the Defendants were issued on the next day. ECF #2, Issuance. On May 2, 2018, Plaintiffs perfected service of their Complaint on Defendants Clinton, Stephanie and Huber by certified mail. ECF #3-5. On May 7, 2018, Plaintiffs perfected service on Defendant Robert by certified mail. ECF #6. As Defendants failed to answer or otherwise defend against the Plaintiffs' Amended Complaint, the Plaintiffs applied for an entry of default on May 18, 2018. ECF #7, Application. The Clerk made an entry of default against Defendants on May 21, 2018.

ECF #8, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed. As of this date, no answer, motion, or responsive pleading has been filed.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust v. Wortman Bros. LLC*, Case No. 3:14-CV-00148, 2014 WL 3458563, *1 (S.D. Ohio, Jul. 11, 2014). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Plaintiffs are employee benefit plans within the meaning of ERISA, and multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, which states, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[.]"

Defendants are bound by the Participation Agreement, as well as collective bargaining agreements ("CBAs") it has entered into with various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Hence,

2

Defendants are obligated to abide by the terms of the Trust Agreements, including the provisions that require Defendants to make fringe benefit contributions to the Plaintiffs for each hour worked by a participating employee. Defendants have failed to contribute to Plaintiffs in accordance with its obligations under the Participation Agreement, the CBAs, and under the Trust Agreements.

Article III of the Benefit Trust Agreement and Article VIII of the Pension Trust and Annuity Trust Agreements require Defendants to make employer fringe benefit contributions to Plaintiffs pursuant to the terms of the Participation Agreement and CBAs. Defendants' failure to make such contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, for which Plaintiffs are entitled recover owed delinquent contributions, liquidated damages, equitable relief, as well as its reasonable costs and attorney's fees from Defendants. Specifically, Section 502(g) of ERISA, 29 U.S.C. § 1132(g) provides:

> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
> (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

As required by Federal Rule of Civil Procedure 55(a), Plaintiffs' damages for delinquent contributions, liquidated damages, and interest are subject to a clear mathematical calculation. To

3

date, Defendants have failed and/or refused to remit delinquent hourly fringe benefit contributions, interest, and liquidated damages to Plaintiffs.

Article III, Section 2 of the Benefit Trust Agreement and Article VIII, Section 2 of the Pension and Annuity Trust Agreements provide a specific formula for the mathematical calculation of liquidated damages to be assessed to the employer in the event that the employer fails to pay contributions by the last day of the month following that in which the covered work was performed. Specifically, the Trust Agreements provide as follows:

(a) Liquidated Damages:
  (1) For the late filing of reports: 5% of the amount of the contribution covered by the report, per month or fraction thereof, and
  (2) For late payment of contributions: 1.5% per month or fraction thereof, except that for the first five months of concurrent late reporting and also late payment. this 1.5% shall be deemed to be included in the 5% in (1) above, and
  (3) The total amount of liquidated damages owed by an Employer shall be an amount equal to the greater of:
      (i)     interest (as defined in (b) below) on the unpaid contributions; or
      (ii)    the amount of liquidated damages as provided for in (a) above; but
      (iii)   in no case however, will the amount of liquidated damages exceed 20% of the amount of unpaid contributions owed by an Employer
(b) Interest: For late payment of contributions, interest at the rate of 1.0% per month on all delinquent contributions until paid Interest shall be calculated on a monthly basis and shall be payable monthly.

ECF #3, Exhibits 1 – 3.

The amounts owed by Defendants are fair and reasonable. Defendants voluntarily signed the CBAs and Participation Agreement, binding it to the Trust Agreements and the provisions for liquidated damages and interest on delinquent contributions. Ms. Gotthardt calculates that Defendants are **$260,103.30** in arrears to Plaintiffs. Aff. Gotthardt, ¶¶ 8-11.

4

Article III, Section 8 of the Benefit Trust Agreement and Article VIII, Section 5 of the Pension and Annuity Trust Agreements provide that "[s]hould legal action be necessary to effect collection of contributions owed to the Fund, the Employer shall pay all costs (including attorney fees) incurred by the Trustees." ECF #1, Exhibits 1 – 3.

Defendants failed to pay the required delinquent fringe benefit contributions owed to the Plaintiffs by the last day of the month following that in which the covered work was performed. Therefore, Defendants were, and are, in default with its obligation to make fringe benefit contributions. Additionally, Defendants have failed or refused to comply with Plaintiffs' demand to payment, which required the Plaintiffs to file this case. Through May 31, 2018, Plaintiffs have expended **$4,031.25** in unrecovered reasonable attorneys' fees and costs to collect the delinquent amounts owed by Defendants. Aff. Gotthardt, ¶ 13. The amounts owed by Defendants for Plaintiffs' attorneys' fees and costs are fair and reasonable. Defendants are directly responsible for the accumulation of all the attorneys' fees and costs paid or owed by the Plaintiffs.

Accordingly, based on the foregoing this Court GRANTS the following relief:

1. A declaratory order finding Defendants are in violation of the Plaintiffs' Amended and Restated Agreement and Declarations of Trust due to its failure to timely submit required fringe benefit contributions to the Funds.

2. A monetary judgment in Plaintiffs' favor and against Defendants, jointly and severally, in the amount of **$260,103.30**, with said amount representing all known unpaid fringe benefit contributions, interest, and liquidated damages found due and owing to Plaintiffs by Defendants.

3. A declaratory order from this Court requiring Defendants to comply with the Funds' auditor's request to examine and review the documents necessary to

complete a payroll audit, in the event that such an audit is deemed necessary by Plaintiffs' Board of Trustees, at Defendants' cost.

4. A declaratory judgment requiring Defendants to immediately pay all delinquent fringe benefit contributions, interest, and liquidated damages owed for any unreported Employer Remittance Reports, along with any additional unpaid fringe benefit contributions, interest, and liquidated damages found to be owed during the course of a payroll audit.

5. A monetary judgment in Plaintiffs' favor and against Defendants, jointly and severally, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) in the amount of **$4,031.25**, which represents Plaintiffs' reasonable attorneys' fees and costs incurred pursuing this Case involving Defendants' delinquent fringe benefit contributions to judgment.

6. That a permanent injunction against Defendants be issued pursuant to Section 502(g)(2)(E) of ERISA, prohibiting Defendants from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Fund.

7. Post-judgment interest on all monetary relief granted herein pursuant to 28 U.S.C. § 1961.

8. Such other legal or equitable relief as this Court deems appropriate.

9. Plaintiffs would request that this Court retain jurisdiction over this Case pending Defendants' compliance with its orders.

**IT IS SO ORDERED**

Date: 7-17-18

JUDGE WALTER H. RICE