UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST.**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **HUBER INC, LLC**, *et al.*, <br><br> Defendants. | CASE NO. 3:18-CV-129 <br><br> JUDGE WALTER H. RICE <br><br> <u>**ORDER**</u> |

This action came before the Court on Plaintiff Iron Workers Local Union No. 44's ("Union" or "Plaintiff") Motion for Default Judgment against Defendants Huber Inc, LLC, ("Huber"), Clinton M. Huber ("Clinton"), Stephanie A. Huber ("Stephanie"), and Robert J. Huber ("Robert") (collectively the "Defendants"). This Court now grants the Plaintiff's Motion for Default Judgment against Defendants in its entirety.

On April 19, 2018, Plaintiffs filed the instant action against Defendants. ECF #1, Complaint. The summonses to the Defendants were issued on the next day. ECF #2, Issuance. On May 2, 2018, Plaintiff perfected service on Defendants Clinton, Stephanie and Huber by certified mail. ECF #3-5. On May 7, 2018, Plaintiff perfected service on Defendant Robert by certified mail. ECF #6. The Clerk made an entry of default against Defendants on May 21, 2018. ECF #8, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must

be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust v. Wortman Bros. LLC*, Case No. 3:14-CV-00148, 2014 WL 3458563, *1 (S.D. Ohio, Jul. 11, 2014). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

At all times relevant to this suit, Defendant Huber has been bound to the terms of the collective bargaining agreement ("Local 44 CBA") with Iron Workers Local Union No. 44, which is a Participating Union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers. See Complaint at ¶ 28, Exhibit 4. The Local 44 CBA establishes the wages, hours, and terms and conditions of employment of Defendant Huber's bargaining unit employees covered thereunder. Id. at ¶ 29. The Local 44 CBA also requires Defendant to deduct union dues ("Dues") from the pay of each of its bargaining unit employees and remit the dues to the Union on a monthly basis. Id. at ¶ 32. Mr. David Baker, Business Manager for the Local 44, collects the remittance reports and union dues from contributing employers, to include Huber. Aff. Baker at ¶3-4. Based on the reports prepared by Huber, Huber owes the Union $115,552.22 in unpaid Dues through the month of April 2018, plus $16,863.93 for prejudgment interest. Aff. Baker Id. at ¶6-8.

As required by Federal Rule of Civil Procedure 55(a), Plaintiff's damages are subject to a clear mathematical calculation. At the time the Plaintiffs filed its Complaint, only reports for months prior to February 2017 had been produced and paid by the Defendants. Subsequent to the

filing of the Complaint, the Defendants provided the Plaintiff with monthly remittance reports for the months of February 2017 through April 2018. See Aff. Baker, Exhibits 1-15. Huber failed to remit payments to the Plaintiff associated with such reports. See Aff. Baker at ¶¶ 6-8.

The amounts owed by Defendants are fair and reasonable. Defendants voluntarily signed the Participation Agreement, binding it to submit monthly remittance reports to the Plaintiff and pay the amounts on such reports, as prepared by the Defendants. See Complaint, Exhibit 4. Mr. Baker calculates that Defendants are $115,552.55 in arrears to the Plaintiff for unpaid Dues, plus $16,863.93 in interest. Aff. Baker at ¶¶ 6-8.

Accordingly, based on the foregoing this Court GRANTS the following relief:

1. A declaratory order finding Defendants are in violation of the Local 44 CBA due to their failure to timely submit required Dues to Plaintiff Iron Workers Local Union No. 44.

2. A monetary judgment in favor of Plaintiff Iron Workers Local Union No. 44 and against Defendants, jointly and severally, in the amount of **$132,416.48**, with said amount representing all known unpaid Dues and prejudgment interest found due and owing to the Plaintiff through April 30, 2018.

3. A declaratory judgment requiring Defendants to immediately pay all delinquent Dues owed for any unreported employer remittance reports, along with any additional unpaid amounts found to be owed on any unreported or incomplete remittance reports.

4. Post-judgment interest on all monetary relief granted herein pursuant to 28 U.S.C. § 1961.

5. Such other legal or equitable relief as this Court deems appropriate.

6. Plaintiff requests that this Court retain jurisdiction over this Case pending Defendants' compliance with its orders.

**IT IS SO ORDERED**

Date: 7-17-18

_____
JUDGE WALTER H. RICE