UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST.**, *et al.*, | CASE NO. 3:18-CV-129 |
| Plaintiffs, | JUDGE WALTER H. RICE |
| v. | |
| **HUBER INC, LLC**, *et al.*, | **ORDER** |
| Defendants. | |

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust"), Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust) (collectively the "Trusts"), and Iron Workers Local Union No. 44 ("Union" or "Local 44") (the Trusts and Union are collectively "Plaintiffs"). This Court now grants the Plaintiff's Motion for Default Judgment against Defendant Huber Inc., LLC ("Huber") in its entirety.

On April 19, 2018, Plaintiffs filed the instant action against Defendants. (ECF #1, Complaint.) The summonses to the Defendants were issued on the next day. (ECF #2, Issuance.) On May 2, 2018, Plaintiff perfected service on Defendants Clinton, Stephanie and Huber by certified mail. (ECF #3-5.) On May 7, 2018, Plaintiff perfected service on Defendant Robert J. Huber by certified mail. (ECF #6.) The Clerk made an entry of default against Defendants on May 21, 2018. (ECF #8, Entry of Default.) As of this date, no answer, motion, or responsive pleading has been filed.

On June 20, 2018 and July 10, 2018, Plaintiffs filed separate Motions for Default Judgment (ECF ##11-12), which the Court subsequently granted on July 18, 2018. (ECF ##12-13.) On October 23, 2018, all parties filed a joint motion (ECF #23) requesting a Consent Order from the Court in light of the parties' settlement ("Settlement Agreement"), which the Court subsequently granted on November 16, 2018, supplementing the Court's July 18 Orders. (ECF #26.) Subsequently, in light of Defendants' default of the Settlement Agreement, Plaintiffs filed a Motion to Enforce Settlement Agreement, as against wherein the total amount owed to Plaintiffs was $280,095.83, plus the cost of collection and attorneys' fees. (ECF #27.) On July 18, 2019, Defendant Robert J. Huber filed a Notice of Bankruptcy and Suggestion of Stay as to Robert J. Huber only. (ECF #28.)

Plaintiffs then entered into a settlement agreement with Defendants Clinton and Stephanie Huber resolving their obligations to Plaintiffs, filed with the Court on November 12, 2019. (ECF #31.) Pursuant to the Court's March 25, 2020 Order (ECF #35), Plaintiffs now file their Motion for Default Judgment against Huber Inc., LLC.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust v. Wortman Bros. LLC*, Case No. 3:14-CV-00148, 2014 WL 3458563, *1 (S.D. Ohio, Jul. 11, 2014). However, those allegations relating to the amount of damages suffered

are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Plaintiffs Trustees are employee benefit plans within the meaning of ERISA, and multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, which states, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[.]"

Huber is bound by the Participation Agreement, as well as collective bargaining agreements ("CBAs") it has entered into with various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, including Local 44. Hence, Huber is obligated to abide by the terms of the Trust Agreements, including the provisions that requires Huber to make fringe benefit contributions to the Plaintiffs for each hour worked by a participating employee. Huber has failed to contribute to Plaintiffs in accordance with its obligations under the Participation Agreement, the CBAs, and under the Trust Agreements. Additionally, Huber voluntarily signed the Participation Agreement, binding it to submit monthly remittance reports to Local 44 and pay the amounts on such reports.

Article III of the Benefit Trust Agreement and Article VIII of the Pension Trust and Annuity Trust Agreements require Huber to make employer fringe benefit contributions to Plaintiffs pursuant to the terms of the Participation Agreement and CBAs. Huber's failure to make such contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, for which Plaintiffs are entitled recover owed delinquent contributions, liquidated damages, equitable relief, as well as

its reasonable costs and attorney's fees from Defendants. Specifically, Section 502(g) of ERISA,

29 U.S.C. § 1132(g) provides:

> (2)    In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of -
>>> (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.

As required by Federal Rule of Civil Procedure 55(a), Plaintiffs' damages for delinquent

contributions, liquidated damages, and interest are subject to a clear mathematical calculation. To

date, Huber has failed and/or refused to remit delinquent hourly fringe benefit contributions,

interest, and liquidated damages to Plaintiffs. At the time the Plaintiffs filed its Complaint, only

reports for January 2018 and prior months had been produced by the Defendants. Subsequent to

the filing of the Complaint, the Defendants provided the Plaintiffs with hours reports for the

months of February, March, April and May 2018. Huber failed to remit payments associated with

such reports, and subsequently amounts owed through August 2018. Such amounts, as

memorialized in the Settlement Agreement and affidavit of Peggy Gotthardt, total an amount of

not less than $479,404.30, less payments made. (Aff. Gotthardt at ¶ 8; ECF #27-2.) Huber's

payments made to Plaintiffs under totaled $199,308.46. (*Id*.) The resulting balance and amounts

due and owing by Huber to Plaintiffs total an amount of **$280,095.83**. (*Id.*) The amounts owed by Huber are fair and reasonable.

Accordingly, based on the foregoing this Court GRANTS the following relief:

1.     A declaratory order finding Huber to be in violation of the terms and conditions of the Local Union's Collective Bargaining Agreement by failing to pay required amounts to the Union on behalf of bargaining unit employees ("Dues").

2.     A declaratory order finding Huber to be in violation of the Trust Agreements for failing to timely submit employer and employee fringe benefit contributions to the Trusts.

3.     A monetary judgment against Huber in the amount of **$280,095.83**, in unpaid Dues known to be owed to the Union and delinquent fringe benefits, interest, and liquidated damages known to be owed to the Trusts.

4.     A monetary judgment against Huber pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) in the amount of **$4,031.25**, which represents Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing this Case.

5.     That a permanent injunction against Huber be issued prohibiting it from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 and the Trust Agreements with respect to the Trusts in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

6.     Post-judgment interest on all monetary awards pursuant to 28 U.S.C. § 1961.

7.     Such other legal or equitable relief as this Court deems appropriate.

8.     Plaintiffs request this Court retain jurisdiction over this case until Huber fully comply with this Court's order.

**IT IS SO ORDERED**

Date:  05/19/2020

JUDGE WALTER H. RICE